IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| AUSTIN BRADDOCK | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:19-CV-358-LRA |
| PATRICK H. ARNOLD, Medical Doctor and ANTHONY GIBSON, HSA | DEFENDANTS |

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing that was conducted before the undersigned United States Magistrate Judge on December 10, 2019. Plaintiff Austin Braddock appeared *pro se*, and attorney Michael Williams attended the hearing representing the Defendants. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It functioned as a scheduling/case management conference, a discovery conference, and a *Spears* hearing. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Braddock is an inmate housed at the East Mississippi Correctional Facility in Meridian, Mississippi. At the hearing, the parties consented to the jurisdiction of a United States Magistrate Judge, and,

1

on January 6, 2020, District Judge Henry Wingate entered an Order referring this case to the undersigned [Doc. #20].

Braddock's complete allegations are set forth in his Complaint and his supplemental pleadings and were augmented by his testimony at the hearing. His claims are based on having been diagnosed with Hepatitis C, for which, Braddock contends, he has received no treatment, although he has received other medication for other conditions. He does admit to being examined once a month, at which time blood tests are admitted, and he testified that his liver enzymes are high. Braddock also admits that he has been enrolled in Chronic Care since his diagnosis. Finally, Braddock contends that he has turned in numerous complaints through the Administrative Remedies Program at EMCF, but prison officials have stopped responding.

With regard to the individual Defendants, Braddock's claims are as follows: Dr. Arnold has failed to treat him, and now he refuses to see Braddock at all. Arnold refers him to a Certified Nurse Practitioner. Gibson handles sick call requests and has stopped forwarding them or responding to Braddock.

2. **DISCOVERY ISSUES and PENDING MOTIONS**

The Defendants have tendered to Braddock his medical records and his ARP file, page numbered 000001-000842. They also gave a CD with those files on it to the Court, and it has been filed in this case as Doc. #21. Braddock should submit any documents supporting his claims to the Court. If a trial is conducted in this case, defense counsel

shall provide the Court with a certified copy of Plaintiff's MDOC file for use as a general exhibit for all parties at trial.  The discovery matters set forth herein should fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rules of Civil Procedure 26(b)(1).  Other than the discovery mentioned herein, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

      3.     **TRIAL WITNESSES**

Braddock has not asked that any MDOC inmates be brought to testify on his behalf.  If a trial is conducted, Braddock may secure the voluntary appearance of any free world witnesses at a trial conducted in this cause.  Or, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Braddock may request the Court to cause a subpoena to be issued for a free world witness.  Any request for subpoenas should be made at least 30 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

      4.     **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

There are no pending motions in this case, and this conference may stand in lieu of a pretrial conference.

IT IS, THEREFORE, ORDERED:

1. Any motions requesting additional discovery should be filed on or before **February 21, 2020,** and should specify precisely what information is being requested.

2. All dispositive motions should be filed on or before **March 16, 2020**.

SO ORDERED, this the 5th day of February, 2020.

      /s/ Linda R. Anderson
    UNITED STATES MAGISTRATE JUDGE